ANDREW W. WALKER, plaintiff in error, *vs.* ALLEN W. TURNER *et al.*, defendants in error.

A judge of the superior court has no authority, by consent of counsel, to render a judgment in vacation on a bill in equity for a new trial, the facts being undisputed, no order having been granted in term authorizing such action. What purports to have been the judgment refusing a new trial, should be set aside, and the bill left to stand upon the docket as if no such order had been passed.

Judgments.    Practice in the Superior Court.    New Trial.

Before Judge HALL.   Henry County.   At Chambers.   May 22d, 1876.

Reported in the decision.

T. W. THURMOND; D. J. BAILEY, by Z. D. HARRISON, for plaintiff in error.

SPEER & STEWART; J. J. FLOYD, for defendants.

WARNER, Chief Justice.

It appears from the bill of exceptions in this case, and the certificate of the presiding judge thereto, that when the case was called for trial, the defendants made a motion to dismiss the complainant's bill for want of equity, and the court being about to sustain that motion, when the counsel for complainant insisted it was simply a bill for a new trial, when the presiding judge directed the papers to be handed to him, stating that he would determine the case as made by complainant's bill, there being no issue made on the statements contained in the bill. This was assented to on both sides. The judge examined the bill and passed on the same in vacation, and refused to grant the new trial as prayed for. Whereupon the complainant excepted. The judgment of the presiding judge, so rendered in vacation, did not dismiss the complainant's bill; that remains pending in the court just as it did when the papers were handed to the judge, so far as is shown by the record. Neither does it appear in the record, that when the papers in the case were handed to the judge, in open court, with the agreement of counsel that he might determine the question as to granting the new trial prayed for, that there was any order taken and entered on the minutes of the court, that the judgment might, or should be, rendered in vacation. The judges of the superior courts of this state cannot exercise any power out of term time, except the authority is specially granted; but they may, by order granted in term,

render a judgment in vacation. Code 249. We are not aware that the judge of the superior court had any express authority granted to him by law, to have rendered the judgment mentioned in the record, refusing a new trial, in *vacation*, there being no order granted in term time authorizing him to do so.

It follows, therefore, that what purports to have been the judgment of the presiding judge, rendered in vacation, should be reversed and set aside, and that the complainant's bill stand upon the docket of the court just as it did when the papers therein were handed to the judge, as set forth in the bill of exceptions, to be disposed of according to law.

Judgment reversed.